UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
ADMARKETPLACE, INC.,
                            Plaintiff,

              -against-

TEE SUPPORT, INC., *et al.*
                            Defendants.
------------------------------------------------------------X

13 Civ. 5635 (LGS)

<u>ORDER & OPINION</u>

LORNA G. SCHOFIELD, District Judge:

      Pending before the Court is Plaintiff's Motion for Leave to Conduct Expedited Discovery Prior to Rule 26(f) Conference and Plaintiff's Motion for Alternative Service. On August 13, 2013, Plaintiff adMarktplace, Inc. ("adMarketplace") filed a complaint against a number of businesses doing business as Tee Support Inc., and a number of unidentified individuals, alleging, *inter alia*, defamation and false advertising claims under the Lanham Act.

      Plaintiff adMarketplace is a technology company that provides an online advertising network with "thousands of online publishers and advertisers." Plaintiff provides services under the trademark "ADMARKETPLACE" and "AMPNETWORK" and advertises its services at www.admarketplace.com and www.ampnetwork.net. Plaintiff alleges that Defendants, in advertising their business and the sale of their products, claim that "ADMARKETPLACE.COM and AMPNETWORK.NET are malicious viruses or malware which must be removed" using Defendants' services. Plaintiff further alleges that this gives consumers the "false impression" that Plaintiff's services are viruses or malware. Plaintiff alleges that this false claim will cause the Plaintiff to lose customers and has already caused Plaintiff to lose potential customers.

The Plaintiff has attempted to contact and identify the Defendants in myriad ways, including hiring an investigator to identify or confirm the identity, citizenship, and physical location of Defendant Tee Support, Inc. and its officers and representatives. Despite these efforts, Plaintiff has been unable to identify the Defendants. Plaintiff requests third-party subpoenas of five entities:

> (i) RevenueWire Inc., a corporation with offices in the State of Washington which, upon information and belief, is a business affiliate of Defendant Tee Support, Inc.;
>
> (ii) Whois Privacy Protection Service, Inc., a company with offices in the State of Washington which, upon information and belief, is providing privacy or proxy domain name registration services to Defendant Tee Support, Inc.;
>
> (iii) SoftLayer Technologies, Inc., a Delaware corporation with offices in the State of Texas which, upon information and belief, is the Internet service provider hosting the Tee Support Website (on which some of the Advertisements can be found);
>
> (iv) Google Inc., a Delaware corporation with offices in the State of California which, upon information and belief, hosts the weblogs published at blogspot.com, including http://removevirustool.blogspot.com (on which some of the Advertisements can be found); and
>
> (v) VPLS, Inc. D/B/A Krypt Technologies, a California corporation which, upon information and belief, is the Internet service provider hosting www.registryeasy.com, one of the domain names for which Defendants Qiwang Computer Ltd. and John Doe 2 A/K/A Luo Gang are registrants, and www.cheesesoft.com, one of the domain names for which Defendants Guangxi Nanning Qiwang Computer Ltd. and John Doe 2 A/K/A Luo Gang are registrants.

When considering whether to grant a motion for expedited discovery prior to the Federal Rules of Civil Procedure Rule 26(f) conference, courts apply a "flexible standard of reasonableness and good cause." *Digital Sin, Inc. v. John Does 1-176*, 279 F.RD. 239, 241 (S.D.N.Y. Jan. 30, 2012) (quoting *Ayyash v. Bank Al-Madina*, 233 F.R.D. 325, 326–27 (S.D.N.Y. 2005)). Courts in this district have found "good cause" for expedited discovery to determine the identity of John Doe defendants where the plaintiff has stated a prima facie case and is unable to

identify the defendants without a court-ordered subpoena. *See, e.g.*, *John Wiley & Sons, Inc. v. John Does 1-22*, 2013 WL 1091315, at * 5 (S.D.N.Y. March 15, 2013); *Next Phase Distribution, Inc. v. John Does 1-27*, 284 F.R.D. 165, 171 (S.D.N.Y. July 31, 2012).

Plaintiff has made a prima facie case regarding at least its defamation claim. In order to make a prima facie case for defamation under New York law, a plaintiff must show some evidence of "1) a false and defamatory statement of and concerning the plaintiff; 2) publication by defendant of such a statement to a third party; 3) fault on part of the defendant; and 4) injury to plaintiff." *Idema v. Wager*, 120 F. Supp. 2d 361, 365 (S.D.N.Y. 2000) *aff'd*, 29 F. App'x 676 (2d Cir. 2002). Plaintiff has provided evidence that Defendants are publishing false statements about their product on its websites, which is causing injury to the Plaintiff.

Plaintiff also makes a prima facie case under the Lanham Act. To establish a false advertising claim under Section 43(a), the Plaintiff must demonstrate that a statement in a challenged advertisement is false. "Falsity may be established by proving that (1) the advertising is literally false as a factual matter, or (2) although the advertisement is literally true, it is likely to deceive or confuse customers." *S.C. Johnson & Son, Inc. v. Clorox Co.*, 241 F.3d 232, 238 (2d Cir. 2001). Plaintiff has made a prima facie showing that the statements made by Defendants in its advertisements are false.

Plaintiff, who has a potentially meritorious claim and no ability to enforce it absent expedited discovery, has demonstrated good cause for expedited discovery upon the five parties identified in their motion. *See Digital Sin,* 279 F.R.D. at 241.

Plaintiff also requests permission to serve the Summons, Complaint, and the instant motion upon Defendants by email. The request is premature, and is denied without prejudice to renewal. If expedited third-party discovery reveals the identities and locations of the unidentified

Defendants, then alternative service may not be necessary.  Plaintiff may renew its request in 45 days from the date of this order if third-party discovery has not revealed information necessary to serve the Defendants.

Accordingly, it is hereby

**ORDERED** that Plaintiff's Motion for Expedited Discovery is GRANTED.  Plaintiff may serve RevenueWire Inc., Whois Privacy Protection Service, Inc., SoftLayer Technologies, Inc., Google Inc., and VPLS, Inc. D/B/A Krypt Technologies, with a Rule 45 subpoena seeking information sufficient to identify each unidentified Defendant.

**ORDERED** that Plaintiff shall attach a copy of this Order to the subpoena.

**ORDERED** that any information disclosed to Plaintiff in response to the Rule 45 subpoena may be used by Plaintiff solely for the purpose of obtaining sufficient information to identify and serve Defendants.

**ORDERED** that Plaintiff's Motion for Alternative Service is DENIED without prejudice to renewal.

**ORDERED** that the Clerk of the Court is ordered to terminate the motion at docket entry #4.

Dated: September 11, 2013
       New York, New York

_____
LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE